IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INSURANCEZEBRA INC. d/b/a THE ZEBRA<br><br>Plaintiff,<br><br>v.<br><br>TORUS VENTURES LLC,<br><br>Defendant. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NONINFRINGEMENT**

Plaintiff InsuranceZebra Inc. d/b/a The Zebra ("The Zebra" or "Plaintiff"), by and through its undersigned counsel, hereby brings this declaratory judgment complaint ("Complaint") against Defendant Torus Ventures LLC ("Torus" or "Defendant") seeking a declaratory judgment that (a) U.S. Patent No. 7,203,844 (the "'844 Patent" or "Patent-in-Suit") is invalid and (b) The Zebra has not infringed, and is not infringing, the '844 Patent. The Zebra alleges as follows:

**INTRODUCTION AND SUMMARY OF THE CASE**

1. This Complaint arises from Torus's unwarranted and unfounded allegations that The Zebra has infringed, and is continuing to infringe, the '844 Patent.

2. On information and belief, Torus was assigned the '844 Patent on March 18, 2021, via an assignment filed with the United States Patent and Trademark Office (USPTO) on October 12, 2021. Torus has since filed over 170 lawsuits alleging infringement of the '844 Patent.

3. On April 14, 2025, Torus sent The Zebra a letter (the "Letter"; **Exhibit 1**) alleging that The Zebra infringed, and is continuing to infringe, the '844 Patent.

4. Torus's Letter specifically identified The Zebra's website as an accused instrumentality (the "Accused Instrumentality") and alleged that "The Zebra infringes the ['844] Patent" directly and/or indirectly "by making, using, selling, importing, and/or offering for sale products and services that practice the claimed inventions of the ['844] Patent, inducing others to make and use such products in an infringing manner, and/or contributing to the making and use of infringing products and services by others, including its customers, who directly infringe the ['844] Patent." **Exhibit 1** at p. 2.

5. Torus's letter created a real and immediate controversy between Torus and The Zebra as to whether The Zebra infringed, and is continuing to infringe, the '844 Patent. Accordingly, The Zebra seeks a declaratory judgment that the '844 Patent is invalid and that The Zebra has not infringed, and is not infringing, the '844 Patent.

## THE PARTIES

6. The Zebra is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 1801 E 6th Street, Suite 200, Austin, TX 78702.

7. Torus is a Limited Liability Corporation incorporated under the laws of the Delaware that maintains its principal place of business at 261 West 35th Street, Suite 1003, New York, NY 10001. Torus may be served with process through its registered agent, Rita Carnevale, 717 North Union Street, Wilmington, DE 19805-3031.

**SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE**

8. This Complaint includes a count for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*

9. The Zebra seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

10. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because federal courts have exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11. This Court can provide the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because Torus accused The Zebra of infringing the '844 Patent in the Letter, which made clear Torus's intention to assert its rights under the '844 Patent by pursuing claims of infringement against The Zebra based on The Zebra's ongoing and/or planned activities and/or the activities accused of infringement in the Letter. The Letter includes several pages of analysis purportedly mapping alleged features of the Accused Instrumentality to elements of claim 1 of the '844 Patent. *See* **Exhibit 1** at pp. 3-7. Moreover, Torus is a patent assertion entity, having asserted the '844 Patent in more than 170 lawsuits to date. These facts heighten the probability that Torus will assert the '844 Patent against The Zebra. As discussed below, The Zebra has not infringed, and is not infringing, the '844 Patent and therefore has a right to engage in the complained-of activity.

12. This Court has personal jurisdiction over Torus because, as Torus has confirmed in dozens of federal court complaints, Torus's principal place of business is 261 West 35th Street, Suite 1003, New York, NY 10001, within the bounds of the Southern District of New York. *See, e.g.,* **Exhibit 2** (exemplary complaint filed by Torus) at ¶ 2.

13. As a result, Torus has established sufficient minimum contacts with the Southern District of New York such that Torus is subject to general and specific personal jurisdiction in this

Court. Further, the exercise of personal jurisdiction based on these highly pertinent contacts with New York does not offend traditional notions of fairness and substantial justice.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because venue in declaratory judgment actions for invalidity and noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

15. Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as Torus, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

16. As discussed above, Torus is subject to personal jurisdiction with respect to this action in the Southern District of New York, and thus, for the purposes of this action, Torus resides in the Southern District of New York, and venue is proper in accordance with 28 U.S.C. § 1391.

## THE '844 PATENT

17. The '844 Patent is titled "Method and System for a Recursive Security Protocol for Digital Copyright Control."

18. The '844 Patent issued on April 10, 2007, from U.S. Patent Application Serial No. 10/465,274, filed on June 19, 2003.

19. The '844 Patent is due to expire no later than August 9, 2025.

20. Torus alleges that it is the owner of the entire right, title, and interest in and to the '844 Patent. **Exhibit 1** at p. 1.

**COUNT I: DECLARATORY JUDGMENT THAT THE '844 PATENT IS INVALID**

21. The allegations contained in the Paragraphs 1-20 are incorporated by reference herein.

22. As a result of the acts described in the preceding Paragraphs, there exists an actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the '844 Patent.

23. The Zebra is entitled to a declaratory judgment that the claims of the '844 Patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

24. The '844 Patent's claims are directed to unpatentable abstract ideas without significantly more and are thus invalid under 35 U.S.C. § 101. For example, at least some of the '844 Patent's claims are directed to the abstract idea of recursive encryption.

25. The '844 Patent's claims recite generic data-manipulation steps, all of which could have been performed by conventional computers prior to the '844 Patent's filing date.

26. The '844 Patent's claimed invention does not improve the functioning of the computer itself.

27. The '844 Patent preempts the field of recursive encryption. The independent claims merely recite generic "encryption" steps and "associating" the encryption algorithms with their corresponding decryption algorithms. Thus, the '844 Patent monopolizes the abstract idea of recursive or multi-layer encryption.

28. The '844 Patent is therefore invalid under 35 U.S.C. § 101.

29. The '844 Patent is also invalid as anticipated by prior art under 35 U.S.C. § 102 and/or obvious based on prior art under 35 U.S.C. § 103. For example, European Patent No. 0 903 886 (**Exhibit 3**) ("Kataoka") was filed on September 16, 1998, and is thus prior art to the Patent-in-Suit. *See id.* at p. 1. Kataoka describes systems and methods for recursive encryption. *See, e.g., id.* at ¶¶ 183, 186. The decryption, like the encryption, occurs on a layer-by-layer basis. *See id.* at

¶¶ 192-95. Kataoka, among other prior art references, renders the '844 Patent invalid under 35 U.S.C. §§ 102 and/or 103.

### COUNT II: DECLARATORY JUDGMENT THAT THE ZEBRA AND THE ACCUSED INSTRUMENTALITY HAVE NOT DIRECTLY INFRINGED THE '844 PATENT

30. The allegations contained in the Paragraphs 1-20 are incorporated by reference herein.

31. As a result of the acts described in the preceding Paragraphs, there exists an actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '844 Patent.

32. Torus has accused The Zebra's activities with respect to the Accused Instrumentality of directly infringing at least claim 1 the '844 Patent. **Exhibit 1** at p. 2.

33. Claim 1 of the '844 Patent recites: "A method for a recursive security protocol for protecting digital content, comprising: encrypting a bitstream with a first encryption algorithm; associating a first decryption algorithm with the encrypted bit stream; encrypting both the encrypted bit stream and the first decryption algorithm with a second encryption algorithm to yield a second bit stream; associating a second decryption algorithm with the second bit stream."

34. In the Letter, Torus premises the alleged infringement of the '844 Patent the Accused Instrumentality's alleged use of the Transportation Layer Security (TLS) protocol. **Exhibit 1** at pp. 3-7.

35. The Accused Instrumentality, or use thereof, has not resulted in the performance of all limitations in claim 1 of the '844 Patent, either literally or under the doctrine of equivalents. For example, the Accused Instrumentality, or use thereof, has not resulted in "encrypting both the encrypted bit stream and the first decryption algorithm with a second encryption algorithm to yield a second bit stream," as recited in claim 1 of the '844 Patent. First, upon information and belief,

TLS 1.3 involves the exchange of encrypted information generally, but bitstreams are not encrypted recursively, as required by each claim of the '844 Patent. For instance, Torus attempts to map one of the claimed encryption algorithms to TLS 1.3's "signature algorithms." **Exhibit 1** at pp. 4, 6-7. Upon information and belief, these signature algorithms, which Torus erroneously refers to as "signature encryption algorithm[s]" (*see id.* at p. 4), are not *encryption* algorithms. Second, a first *decryption* algorithm is not encrypted with a second encryption algorithm. The Accused Instrumentality, or use thereof, has not resulted in an infringing equivalent of this literally noninfringed limitation. As a result, the Accused Instrumentality, and use thereof, has not directly infringed, and is not directly infringing, claim 1 of the '844 Patent.

36.     Further, even if Torus's allegations in the Letter are taken at face value, The Zebra has not infringed and does not infringe the '844 Patent. For example, Torus alleged in the Letter that The Zebra infringes the '844 Patent in part because, in the Accused Instrumentality, "an authentication message **from the client**, comprises a digital certificate encrypted by a signature encryption algorithm." *Id.* at p. 4 (emphasis added). This underscores the fact that encryption-related operations in TLS 1.3 occur via exchanges between the server *and client*—not exclusively on The Zebra's servers. As a result, even if these steps were performed by the client machine (The Zebra disputes this), they were not performed by The Zebra.

37.     In addition, The Zebra and/or its agents have not performed, and are not performing, an infringing equivalent of the literally noninfringed limitations cited in the above paragraph.

38.     As a result, even if use of the Accused Instrumentality is involved performing each limitation in claim 1 of the '844 Patent (The Zebra disputes this), not all limitations in claim 1 were performed by The Zebra. The Accused Instrumentality similarly has not performed, and is not performing, each limitation of the remaining claims of the '844 Patent.

7

39. The Zebra is therefore entitled to a judgment declaring that the Accused Instrumentality and The Zebra's activities have not directly infringed, and is not directly infringing, the '844 Patent, either literally or under the doctrine of equivalents.

### COUNT III: DECLARATORY JUDGMENT THAT THE ZEBRA HAS NOT INDIRECTLY INFRINGED THE '844 PATENT

40. The allegations contained in the Paragraphs 1-20 are incorporated by reference herein.

41. As a result of the acts described in the preceding Paragraphs, there exists an actual controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding non-infringement of the '844 Patent.

42. In the Letter, Torus alleged that The Zebra infringes the '844 Patent by "inducing others to make and use . . . products in an infringing manner, and/or contributing to the making and use of infringing products and services by others, including its customers, who directly infringe the ['844] Patent." **Exhibit 1** at p. 2.

43. The Accused Instrumentality did not result in direct infringement of the '844 Patent by anyone. Indeed, the Letter contains no meaningful allegations directed at any party except The Zebra. Absent direct infringement, The Zebra cannot have indirectly infringed the '844 Patent.

44. The Zebra did not knowingly induce others to directly infringe the '844 Patent.

45. The Zebra did not contributorily infringe the '844 Patent.

46. The Zebra is therefore entitled to a judgment declaring that The Zebra has not indirectly infringed, and is not indirectly infringing, the '844 Patent, either literally or under the doctrine of equivalents.

### PRAYER FOR RELIEF

The Zebra respectfully requests that this Court enter judgment against Torus as follows:

A. Declaring that the '844 Patent and its claims are invalid;

B. Declaring that the Accused Instrumentality, including use thereof, has not directly infringed, and is not directly infringing, any claim of the '844 Patent;

C. Declaring that The Zebra has not directly or indirectly infringed, and is not directly or indirectly infringing, any claim of the '844 Patent;

D. Awarding The Zebra its attorneys' fees and costs; and

E. Awarding such other relief as this Court or a jury may deem just and proper.

Dated: July 8, 2025    Respectfully Submitted,

By: /s/ *David G. Keyko*
David G. Keyko
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
(212) 858-1000
(212) 858-1500
david.keyko@pillsburylaw.com

Benjamin Bernell (*Pro Hac Vice forthcoming*)
Edward A. Cavazos (*Pro Hac Vice forthcoming*)
Josh Tucker (*Pro Hac Vice forthcoming*)
Luke Hartman (*Pro Hac Vice forthcoming*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 580-9600
ben.bernell@pillsburylaw.com
ed.cavazos@pillsburylaw.com
josh.tucker@pillsburylaw.com
luke.hartman@pillsburylaw.com

*Attorneys for Plaintiff The Zebra Inc.*